**STATE OF VERMONT and State of Maine, Plaintiffs,**

**v.**

**CAYUGA ROCK SALT COMPANY, Inc., Defendant.**

**STATE OF NEW HAMPSHIRE, Plaintiff,**

**v.**

**CAYUGA ROCK SALT COMPANY, Inc., Defendant.**

**Civ. Nos. 9–104, 9–105.**

United States District Court
D. Maine, S. D.

Oct. 17, 1967.

Louis P. Peck, Deputy Atty. Gen., State of Vermont, Montpelier, Vt., George C. West, Deputy Atty. Gen., State of Maine, Augusta, Me., George S. Pappagianis, Atty. Gen., State of New Hampshire, John A. Durkin, Asst. Atty. Gen., Concord, N. H., Barnett I. Shur, and Vincent R. Larson, Portland, Me., Courts Oulahan, Washington, D. C., for plaintiffs.

Edward J. Berman, Theodore H. Kurtz, Portland, Me., Bruno A. Mazza, Jr., c/o Bryant, Mazza & Williamson, Ithaca, N. Y., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

Cayuga Rock Salt Company, Inc., the sole remaining defendant in these consolidated antitrust treble damage actions, has moved for summary judgment with respect to any claims arising on or before October 21, 1962, four years prior to the date plaintiffs' first complaint was filed.[1] The basis of defendant's

---

1. The complaint in Civil Action No. 9–104 was filed on October 21, 1966. The complaint in Civil Action No. 9–105 was not filed until three days later, on October 24, 1966.

motion is the four-year statute of limitations applicable to private antitrust actions under Section 4B of the Clayton Act, 15 U.S.C. § 15b (1964). Plaintiffs oppose the motion on the ground that, by reason of a government civil antitrust proceeding against other members of the salt industry instituted on July 11, 1961[2] and not finally terminated until October 25, 1965, Morton Salt Co. v. United States, 382 U.S. 44, 86 S.Ct. 181, 15 L.Ed.2d 36 (1965), the running of the statute of limitations as to Cayuga was tolled under Section 5(b) of the Clayton Act, 15 U.S.C. § 16(b) (1964). Section 5(b) suspends the running of the statute of limitations during the pendency of government antitrust proceedings and for one year thereafter. Cayuga counters that the Section 5(b) tolling provision has no application to it because it was not named either as a defendant or as a co-conspirator in the government action. It is conceded that Cayuga was not so named in the government action, and that the claims asserted in these treble damage actions are based in whole or in part on the matters complained of in the government proceeding within the meaning of Section 5(b). See Leh v. General Petroleum Corp., 382 U.S. 54, 86 S.Ct. 203, 15 L.Ed.2d 134 (1965)[3].

The sole question presented by the present motion is whether the tolling provision of Section 5(b) of the Clayton Act applies to a defendant in a private treble damage action who was not named as a defendant or a co-conspirator in the government litigation. This issue has been very recently determined adversely to Cayuga's position by District Judge Larson in a similar private treble damage action in the District of Minnesota, which also arose out of the same government litigation involving the salt industry. State of Michigan v. Morton Salt Co., 259 F.Supp. 35 (D.Minn.1966), aff'd in part sub nom., Hardy Salt Co. v. State of Illinois, 377 F.2d 768 (8th Cir. 1967), cert. denied, 389 U.S. 912, 88 S.Ct. 238, 19 L.Ed.2d 260 (U.S. Oct. 23, 1967) No. 461)[4]. In a comprehensive opinion, Judge Larson carefully considered and rejected each of the contentions which Cayuga makes in support of the instant motion, and concluded that even though the Supreme Court has not "explicitly passed upon the question raised here, the broad interpretation given § 5(b) in Leh [Leh v. General Petroleum Corp., supra] and 3M [Minnesota Mining and Manufacturing Co. v. New Jersey Wood Finishing Co., 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965)], suggests that the Supreme Court would hold that it tolls the statute on a cause of action asserted against a non-Government defendant; * * *" 259 F.Supp. at 53–54. This

---

2. Although a criminal indictment was returned against the same defendants on June 28, 1961, plaintiffs do not contend that the pendency of the criminal prosecution, which was terminated by a verdict of not guilty on June 7, 1962, extended the tolling of the statute back to June 28, 1961. This Court will therefore not decide that question. See State of Michigan v. Morton Salt Co., 259 F. Supp. 35 (D.Minn.1966).

3. The government action was based on an alleged conspiracy to fix prices of rock salt sold to various state and local governmental entities for de-icing purposes. Named as defendants were Morton Salt Company, Diamond Crystal Salt Company, International Salt Company and Carey Salt Company. Five other salt companies, including Cargill, Inc., were named as co-conspirators, but not as defendants. Originally named as defendants in the present actions were Morton, Diamond Crystal, International, Cargill and Cayuga. The actions have been dismissed by stipulation as to all these defendants except Cayuga.

4. Although Judge Larson held that Section 5(b) tolled the statute of limitations as to all non-government defendants, both those who had been designated as co-conspirators in the government litigation and those who had not been so designated, the appeals of those non-government defendants who had not been named as co-conspirators were dismissed by consent of the parties, so that the Court of Appeals necessarily limited its affirmance to that portion of Judge Larson's order in which he ruled that Section 5(b) applied to a party who had been named as a co-conspirator, but not as a defendant, in the government proceeding.

Court concurs with the views expressed by Judge Larson and sees no reason to amplify them here. The Court accordingly holds that Section 5(b) of the Clayton Act tolled the statute of limitations as to the defendant Cayuga during the pendency of the government litigation and for one year thereafter, even though Cayuga was not named as a defendant or as a co-conspirator in the government proceeding.

The motion of the defendant Cayuga Rock Salt Company, Inc. for partial summary judgment is denied.

It is so ordered.