**MARICOPA COUNTY, Plaintiff-Appellee,**

v.

**AMERICAN PIPE AND CONSTRUC-
TION CO. et al., Defendants-
Appellants.**

**No. 24737.**

United States Court of Appeals,
Ninth Circuit.

Aug. 28, 1970.

Rehearing Denied Oct. 26, 1970.

Hamley, Circuit Judge, dissented in part and filed opinion.

Gibson, Dunn & Crutcher, Los Angeles, Cal., for Smith Scott & United Concrete Pipe.

Pierce T. Selwood (argued), of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for Martin-Marietta Corp.

Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for U.S. Indus.

Jesse O'Malley (argued), of Musick, Peeler & Garrett, Los Angeles, Cal., for U.S. Steel.

George Jansen, Wayne Pitluck, of Sullivan, Marinos, Augustine & Delafield, San Diego, Cal., for American Pipe & Constr. and Am. Concrete.

Gordon Johnson (argued), of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for Kaiser Steel Corp.

Evans, Kitchel & Jenckes, Phoenix, Ariz., for O'Malley Gannaway Concrete Pipe.

Dominic B. King, Pittsburgh, Pa., for U.S. Steel.

Ronald W. Meyer (argued), Deputy County Atty., Moise Berger, Maricopa County Atty., R. E. Johnson, of Johnson, Bebeau & Timbanard, Phoenix, Ariz., for plaintiff-appellee.

O'Melveny & Myers, Los Angeles, Cal., Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, Olmstead, Stine & Campbell, Ogden, Utah, amicus curiae.

Before HAMLEY and BROWNING, Circuit Judges, and THOMPSON, District Judge.*

PER CURIAM:

We affirm the order of the district court denying appellants' motion for summary judgment. We affirm on the grounds stated in the district court's opinion, except that we do not pass upon the soundness of the district court's dictum that a government antitrust proceeding filed more than one year subsequent to the termination of a prior government antitrust proceeding could not toll the running of the statute of limitations on private treble damage actions. Nor do we pass upon the contention, made for the first time in a reply brief in this court, that a partial summary judgment should have been granted because American Pipe and Construction Company was not named as a defendant in two of the five civil actions commenced by the government. We see no reason to depart from the general rule that a district court judgment should not be reversed on grounds not raised below. Our affirmance is without prejudice, however, to the filing in the dis-

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

trict court by appellants of a motion for partial summary judgment raising this new issue.

HAMLEY, Circuit Judge (dissenting in part):

I concur in the majority opinion except insofar as it affirms the denial of the motion of Martin Marietta Corporation and Six Points Lumber & Supply Co., dba O'Malley-Gannaway Concrete Pipe Co.

The motion for dismissal of the action was made by these two defendants on the ground that plaintiff's claims against them are barred by the four year statute of limitations provided by section 4B of the Clayton Act, 15 U.S.C. § 15b. The district court rejected this ground for dismissal on the theory that, under the facts of this case, this statute of limitations was tolled by the provisions of section 5(b) of the Clayton Act, 15 U.S.C. § 16(b), in view of certain prior federal government civil and criminal proceedings.

Neither of the above-named defendants were ever named or complained of as defendants or co-conspirators in the prior civil and criminal actions brought by the federal government. In my view, the pendency of federal government civil and criminal actions cannot toll the running of the statute of limitations as to persons or companies not named or complained of in such government actions.

The tolling statute, section 5(b) referred to above, limits tolling to private actions "based in whole or in part" on any matter complained of in the government criminal or civil proceeding. Insofar as these two defendants are concerned, the instant case is not, in my opinion, based in whole or in part on any matter complained of in the prior government actions.

I recognize that the decision in State of New Jersey v. Morton Salt Company, 387 F.2d 94 (3d Cir. 1967) supports the view of the majority. It is no doubt true, as held in *Morton Salt,* that the tolling provision was enacted for the benefit of private parties who were injured. But I am not persuaded that Congress intended that provision to override, as to persons and companies in no way involved in the prior government antitrust suits, the salutary policy behind section 4B, as a statute of repose.