**LURIA STEEL & TRADING CORPORATION et al.**

v.

**OGDEN CORPORATION et al.**

**Civ. A. No. 70–729.**

United States District Court,
E. D. Pennsylvania.

Jan. 13, 1972.

tations. Plaintiffs have brought this antitrust suit under Section 4 of the Clayton Act, seeking treble damages by reason of alleged violations of Sections 1 and 2 of the Sherman Act and Section 7 of the Clayton Act, in that plaintiffs, scrap metal dealers, have been injured by the business activities of defendants.

The basic federal statute of limitations applicable specifically to treble damage actions under the antitrust laws is Section 4B of the Clayton Act, which provides that, "[claims] shall be forever barred unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b. The parties to this motion have agreed with plaintiffs that this action shall be considered as having been commenced on October 10, 1969. Accordingly, by the present motion defendants seek to bar all claims against them for the period prior to October 10, 1965—(the four-year statutory period).

The principal questions presented by the motion are: (1) whether the running of the statute of limitations should be treated as having been suspended by reason of a Federal Trade Commission proceeding initiated in 1954, which proceeding continued to October 10, 1968, against certain of the named defendants, and (2) if so, against which of the named defendants.

H. Robert Halper and David R. Melincoff of O'Connor, Green, Thomas, Walters, & Kelly, Washington, D.C., Herbert G. Keene, Jr., of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiffs.

Edward W. Mullinix, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

BRODERICK, District Judge.

This matter is before the Court on defendants' motion for partial summary judgment based upon the statute of limi-

Plaintiffs, in opposing the instant motion, rely on § 5(b) of the Clayton Act (15 U.S.C. § 16(b)), which provides for the tolling of the four-year statute of limitations during the pendency of "any civil or criminal proceeding . . . instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws . . . and for one year thereafter." They argue that the instant suit was commenced within one year of the termination of the government action brought by the Federal Trade Commission under § 5 of the Federal Trade Commission Act and § 7 of the Clayton Act, and, therefore, they have a right to recover for violations of the antitrust law dating back

to six years prior to the institution of this suit.[1]

Defendants, on the other hand, argue that the tolling of the statute occurs only during the pendency of the Clayton Act action which was finalized on May 27, 1968, because defendants chose only to appeal the FTC Section 5 decisions to the United States Supreme Court. Since this occurred more than one year prior to the institution of the instant suit, the defendants contend that all claims except for the four years prior to the institution of this suit are barred. They further argue that in 1954 when the federal action commenced there was no federal statute of limitations or applicable tolling provision and, therefore, plaintiffs cannot rely on the FTC proceeding to toll the statute of limitations.

In this Circuit a distinction has been drawn between a government action under the FTC Act to enforce the provisions of that Act and actions under the FTC Act to restrain Clayton Act violations. New Jersey Wood Finishing Co. v. Minnesota Mining and Manufacturing Co., 332 F.2d 346, 359 (3rd Cir. 1964), aff'd, 381 U.S. 311, 85 S.Ct. 1473, 14 L. Ed.2d 405 (1965). This distinction would appear to indicate that the Third Circuit is of the opinion that FTC actions to enforce FTC violations do not toll the statute of limitations, but that FTC actions to enforce the Clayton Act do. While plaintiffs have cited several cases which hold that governmental action to enforce violations of FTC Act tolls the statute, none of these were decided by the Third Circuit. See, Rader v. Balfour, 440 F.2d 469 (7th Cir.) cert. denied, sub nom. Alpha Chi Omega v. Rader, 404 U.S. 983, 92 S.Ct. 444, 30 L. Ed.2d 367 (1971); Lippa's, Inc. v. Lenox, Inc., 305 F.Supp. 182 (D.Vt.1969); In Re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 333 F. Supp. 317 (S.D.N.Y.1971). While we are impressed with the reasoning ex-

pressed in the above three cases, we are constrained to follow the apparent distinction recognized in the New Jersey Wood case. However, this distinction is of little significance in the case at bar because, for the reasons hereinafter stated, we reach the same conclusion under both lines of authority.

Since it is clear that the Clayton Act proceedings before the FTC tolled the statute, we must determine whether the Clayton Act aspect of the FTC proceeding in the instant case should be deemed to have been finalized as of the time defendants chose not to appeal the Clayton Act adjudications—i. e., May 28, 1968 (90 days after the date the Third Circuit denied rehearing) or October 14, 1968 (the date the United States Supreme Court denied certiorari, Luria Bros. & Co. v. F.T.C., 393 U.S. 829, 89 S.Ct. 94, 21 L.Ed.2d 100).

██ In deciding this issue of first impression, we rely on the language of the Third Circuit in New Jersey Wood, supra, where that Court stated:

> it seems to us that FTC orders and FTC proceedings presently enjoy the efficacy of court proceedings for purposes of Section 5, and that in this appeal the FTC proceeding . . . to restrain a violation of Clayton Section 7, tolled the statute of limitations . . .

We construe this statement to mean that once an FTC proceeding to enforce Clayton Act Section 7 has been instituted, the statute of limitations is tolled until the proceeding is finalized and not merely until the Clayton Act aspects are finalized. Consequently, we hold that the statute of limitations did not cease being tolled until the Supreme Court denied certiorari. This conclusion is reinforced by the admonition of the United States Supreme Court that § 5(b) of the Clayton Act should be liberally construed. Minnesota Mining and Manufacturing Co. v. New Jersey Wood Finishing Co.,

---

1. Plaintiffs contend that the statute of limitations was tolled in 1954 when there was no federal statute of limitations, and

that they are, therefore, entitled to the benefits of the Pennsylvania Statute of Limitations, which ran for six years.

381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965); Leh v. General Petroleum Corp., 382 U.S. 54, 86 S.Ct. 203, 15 L.Ed.2d 134 (1965). Any other conclusion would require private plaintiffs to read all motions and papers filed in a government action. It would seem that private plaintiffs should be able to rely on the docket entries in the government's case. In the instant case the pertinent docket entries read as follows:

> Notice of filing (on 5/24/68) of petition for writ of certiorari, by Luria Brothers & Co., Inc. received from Clerk of Supreme Court, filed. (S.C. No. 1463, October 1967) (covers 14402, 14411 to 14421 and 14470 to 14472)

> . . . . . .

> Certified copy of order (dated October 14, 1968), denying petition for writ of certiorari by Luria Brothers received from Clerk of Supreme Court, filed. (S.C. No. 125, Oct. Term 1968). (Covers 14402, 14411 to 14421 and 14470 to 14472).

Such entries were insufficient to appraise plaintiffs of the termination of the Clayton Act proceedings and failure of the plaintiffs to bring their action within one year of defendants' failure to appeal cannot be held to limit the extent of their claim under a liberal interpretation of Section 5(b). See, State of New Jersey v. Morton Salt Co., 387 F.2d 94 (3rd Cir.), cert. denied, International Salt Co. v. New Jersey, 391 U.S. 967, 88 S.Ct. 2035, 20 L.Ed.2d 880 (1967).

■ Having determined that the FTC proceedings tolled the statute of limitations as to the plaintiff's claim, we are presented with the problem of the exact point at which the FTC proceedings commenced the tolling of the statute. Defendants contend that because the law at the time the FTC proceedings began did not provide that a FTC proceeding would toll the statute that the instant FTC proceedings could never toll the statute. This position is wholly without merit. While it is true that prior to the 1955 amendments an FTC proceeding could not toll the statute of limitations, since it is not a "proceeding in equity or criminal prosecution," this in no way bars a pre-1956 (the effective date of the amendments) FTC proceeding from tolling the statute after the amendment adopted in 1955 (effective in 1956) which contained the language "whenever any civil or criminal proceeding is instituted" and "during the pendency thereof" the running of the statute of limitations is tolled. There is nothing in the legislative history or the Act itself which evidences a congressional intent to limit its effect to proceedings instituted after its effective date. However, there is also no suggestion that the statute might be tolled prior to the effective date of the amendment. Consequently, we conclude that the statute was tolled in the instant case on January 1, 1956, the date the 1955 amendments became effective, and that plaintiffs may only recover damages dating from January 1, 1952, if they are successful in the instant suit.[2]

■ Having concluded that plaintiffs may pursue their claim, dating from January 1, 1952, we must now determine the proper parties defendant. As to the individual defendants, it is asserted that since they are individuals they may not be sued under § 7 of the Clayton Act; and, therefore, an action brought pursuant to the Clayton Act cannot toll the statute as to them. This argument overlooks the views of the Third Circuit as expressed in New Jersey Wood, which held that a Clayton Act action tolled the statute as to related Sherman Act violations as well. Since individuals may be

2. Section 4B of the Clayton Act allows recovery for four years prior to the suspension of the statute of limitations. Plaintiffs' argument that a six-year period should be allowed, since this was the prevalent statute prior to the 1955 amendments setting a federal statute of four years is rejected; since as previously noted it is the 1955 amendment which tolls the statute they should also be bound by the period set forth in the 1955 amendment to the same statute.

sued under the Sherman Act and since the instant complaint alleges violations of the Sherman Act which are closely related to the Clayton Act violations set forth in the FTC proceedings, we hold that the individual plaintiffs are proper parties defendant as to the alleged Sherman Act violations.

As to the corporate defendants, it is argued by defendants that since these corporations (other than L.B.C. Corp. and old Luria Bros.) were not in existence or were not engaged in the scrap business at the time of the bringing of the FTC complaint, the statute of limitations cannot be tolled as to them.

■■■ It is, of course, not essential to the application of § 5(b) that the defendants in a subsequent private suit be named as either defendants or co-conspirators in a prior government suit. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77; State of New Jersey v. Morton Salt Co., *supra*; Maricopa County v. American Pipe and Construction Co., 303 F.Supp. 77 (D.Ariz.1969). Nor is it essential that conspiracies charged cover identical time periods or be accomplished by identical means. Leh v. General Petroleum Corp., *supra*. All that is required is that the subsequent private suit be based "in part" on the prior government proceeding. 15 U.S.C. § 16(b). As the court said in *Maricopa County, supra,* in holding that the statute was tolled as to two defendants who were neither defendants nor co-conspirators in the prior government case:

. . . A comparison of the allegations in plaintiff's complaint, here, with the government complaints makes it manifest, however, that the alleged conspiratorial acts of these two defendants were entwined with and fundamentally the same as those of the defendants named in the government actions; with certainty, plaintiff's claims against them are "based in whole or in part" on the violations alleged in the government actions. Id. at p. 87.

Here, there can be no question but that the instant complaint is based substantially on the 1954 FTC proceeding against Luria Brothers and others, and complains of activities that were carried on in the name of Luria Brothers & Company, Inc. continuously and unabated during a period that started well before the FTC began its action and continued at least until some time after the FTC Cease and Desist Order became final in 1969.

Of the utmost significance here is the fact that from well before the filing of the FTC proceeding through the present time there has continually been a Luria Brothers & Company, Inc. engaged in the ferrous scrap business. It is clear that on October 11, 1955, ownership of Luria Brothers changed hands; however, it is equally clear that the change was one of form rather than substance. Ownership changed, but personnel did not, and allegedly the illegal practices continued. William and Herbert Luria remained as officers of Luria Brothers. Ralph Ablon, then Vice President of Luria Brothers and now Chairman of the Board of Ogden Corp., became President of Luria Brothers. To the world generally and to potential plaintiff competitors of Luria Brothers, the company remained the same.

It is also significant that the "new" Luria Brothers, i. e., the one formed by Ogden to carry on business as before, was formally made a party respondent in the FTC proceeding, was a party to a Stipulation with the FTC staff (which is made a part of the stipulation between counsel), and is currently operating under the final order entered in that proceeding and affirmed by the Court of Appeals for this Circuit. Thus, to potential plaintiffs observing the FTC proceeding, Luria Brothers remained a party respondent throughout the entire period of the FTC proceeding. Therefore, at this state of the proceedings, the change in ownership is not material.

If this Court were to accept defendants' position, the result would be a clear frustration of Congressional in-

tent, for such acceptance would necessarily mean that any defendant in a government antitrust action could unilaterally deprive potential plaintiffs of § 5(b) tolling benefits by selling its assets to another firm, even though the government proceeding was not terminated. Such a position must be rejected.

The defendants also urge that claims against "old" Luria cannot be asserted against "new" Luria. This, of course, is an issue of liability which must be determined on the merits and has no significance to the instant motion.

Accordingly, for the foregoing reasons the following Order is entered:

## ORDER

And now, this 13th day of January 1972, pursuant to defendants' motion for partial summary judgment, it is hereby ordered and decreed that all claims for damages which accrued before January 1, 1952 are barred by the statute of limitations, in all other respects defendants' motion is denied.