CHARLEY'S TOUR AND TRANSPORTATION, INC., et al., Plaintiffs,

v.

INTERISLAND RESORTS, LTD, et al., Defendants.

Civ. No. 80–0060.

United States District Court. D. Hawaii.

April 16, 1985.

Eugene Crew, Daniel Furniss, Mark Lehocky, Khourie & Crew, San Francisco, Cal., Kazuhisa Abe, Honolulu, Hawaii, for plaintiffs.

Gary G. Grimmer, Carlsmith Wichman Case Mukai and Ichiki, Honolulu, Hawaii, for Interisland Resorts, Ltd., Gray Line Hawaii, Ltd., Trade Wind Tours, Inc., and The Greyhound Corp.

Joseph W. Burns, Sp. Counsel, Fanelli, Burns & Neville, New Rochelle, N.Y., for Trade Wind Tours, Inc.

Loyd M. McCormick, James Hunt, Charlene Shimada, McCutchen Doyle Brown & Enerson, San Francisco, Cal., James S. Campbell, Richard J. Kowen, Cades Schutte Fleming & Wright, Honolulu, Hawaii, for AMFAC, Inc., Island Holidays, Ltd., and Hawaiian Discovery Tours.

Vernon F.L. Char, Charles H. Hurd, Michael K. Kawahara, Damon Key Char & Bocken, Honolulu, Hawaii, for ARA Services, Inc., Educational & Recreational Services, Inc., HST, Ltd., and C. Brewer & Co., Ltd.

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SAMUEL P. KING, Senior Judge.

This case came on for hearing on various defendants' motions for summary and partial summary judgment on January 17, 1985. This order is limited to the portions of the motions pertaining to the statute of limitations. All other aspects of the motions remain under advisement.

Plaintiffs filed suit in this case on February 5, 1980. The statute of limitations applicable to this action is established by 15 U.S.C. § 15b which provides that "[a]ny action to enforce any cause of action under sections 15(a), 15(b) or 15(c) of this title must be commenced within four years after the cause of action accrued." Plaintiffs argue that the statute was tolled by (1)

pending government actions; (2) fraudulent concealment; and (3) equitable tolling.

### A. *Pending Government Actions.*

Under § 5(i) of the Clayton Act, 15 U.S.C. § 16(i), the statute of limitations is suspended during government proceedings and for one year after their termination where the private suit is "based in whole or in part on any matter complained of in said government proceeding."

During the 1970's the government filed six actions against tour and hotel operators. Five of the six actions terminated more than one year before plaintiffs filed this suit. The sixth suit, *United States v. Sheraton Hotels, et al.* (Civil No. 76-0418, D.Hawaii) (hereinafter the Hotel Case), was not settled until November 18, 1981. The Hotel Case dealt with rate fixing in the Oahu hotel market. Only two of the defendants in this case were defendants in the Hotel Case.

■ The plaintiff bears the burden of showing that the two suits are based in whole or in part on the same matter. *Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230, 233 (6th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974). Section 5(i) requires that there be a "real relation" between the government and private complaints. *Leh v. General Petroleum Group*, 382 U.S. 54, 86 S.Ct. 203, 15 L.Ed.2d 134 (1965). Whether or not a private suit is based in whole or in part on any matter complained of in a prior government suit may only be determined by comparing the two complaints on their face. *Id. Chipanno v. Champion International Corp.*, 702 F.2d 827, 832 (9th Cir.1983). A substantial identity of actors is an important factor in determining whether a real relation exists. *Leh, Supra.* The real relation test is met where the conspiratorial acts of the defendants are intertwined with and fundamentally the same as those alleged in the government action. *Maricopa County v. American Pipe and Construction Co.*, 303 F.Supp. 77 (D.Ariz.1969), *aff'd,* 431 F.2d 1145 (9th Cir.1970), *cert. denied*, 401 U.S. 937, 91 S.Ct. 923, 28 L.Ed.2d 216 (1971). The Tenth Circuit has looked for similarity of proof, means of carrying out the conspiracy, and subject matter. *Union Carbide & Carbon Corp. v. Nisley*, 300 F.2d 561 (10th Cir.1961), *cert. dismissed*, 371 U.S. 801, 83 S.Ct. 13, 9 L.Ed.2d 46 (1962).

■ After assessing the relationship between the Hotel Case and this case, it is evident that § 5(i) does not require tolling of the statute of limitations during the Hotel Case. Although largely the same clientele is involved, the cases involve different markets, different defendants, and different means of proof. The complaints allege wholly different actions on the part of the defendants as the basis for establishing liability. The complaint in the Hotel Case is limited to the fixing of rental rates for hotel rooms. Plaintiffs' complaint centers around the charter bus market. Plaintiffs' complaint is only related to the Hotel Case by an allegation that the defendants used their hotel rooms as a source of clients and funds for their bus companies. This is no more than an allegation that the defendants were charged with conspiracy in another market and that conspiracy helped fund this conspiracy. To extend § 5(i) to this situation would mean that a defendant doing business in different markets would have the statute of limitations tolled as to all of its markets. While a private suit need not "mirror" the government suit, plaintiffs' suit does not allege even a part of the Hotel Case conspiracy.

Section 5(i) was enacted for two purposes. The first was to ensure that private litigants would have the benefit of prior Government antitrust enforcement efforts. The second was to create a more certain running of the statute of limitations. *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 333-34, 98 S.Ct. 2370, 2376-77, 57 L.Ed.2d 239 (1978). The only benefit plaintiffs could have gained from tolling the statute of limitations during the Hotel Case would have been more time to file its suit. The facts and arguments in the Hotel case are only tangentially related. Furthermore, as only two of the de-

fendants in the Hotel Case are defendants in this case, tolling of the statute of limitations would be inequitable given the meager connection between the two cases. Finally, allowing such a tenuous relationship would frustrate the second purpose of § 5(i) by removing any certainty as to when a cause of action was barred.

### B. *Fraudulent Concealment.*

■ Plaintiffs argue that the statute of limitations should be tolled because of fraudulent concealment by the defendants. The evidence presented by the defendants, particularly by Amfac, Inc., Island Holidays, Ltd., and Discovery Tours, shows that plaintiffs were aware of the acts complained of well before plaintiffs filed this suit. Indeed, plaintiffs were aware of some of the actions it complains of before it entered the bus market. Plaintiffs had actual, implied, and constructive notice of the alleged actions. Under these circumstances tolling for fraudulent concealment would be improper.

### C. *Equitable Tolling.*

■ The next reason advanced by plaintiffs for tolling of the statute of limitations is on equitable grounds. The factual basis of plaintiffs' argument is that the actions of the defendants forced it into bankruptcy which prevented plaintiffs from filing this suit within the statute of limitations. Plaintiffs' argument is apparently a novel one as plaintiffs have not cited any cases following a similar line of reasoning.

Equitable tolling based on actions leading to the plaintiffs' bankruptcy runs afoul of a specific provision in the bankruptcy laws. As this case was filed before the effective date of the Bankruptcy Code, the Bankruptcy Act applies. Section 11(e) of the Bankruptcy Act provides the trustee in bankruptcy with two additional years before the statute of limitations runs on any suit in law or equity. A similar provision is made in the Bankruptcy Code. Since Congress has already provided for the hardships that arise during bankruptcy, this court will not create another extension.

There being no reason to toll the statute of limitations, all claims arising more than four years before the filing of this suit are barred by the statute of limitations.

IT IS HEREBY ORDERED that defendants' Motion for Partial Summary Judgment is granted as to all claims arising before February 5, 1976.