**PENSION FUND–MID–JERSEY TRUCKING INDUSTRY, et al., Plaintiffs,**

**v.**

**OMNI FUNDING GROUP, Defendant.**

**Civ. No. 84–4320 (CSF).**

United States District Court,
D. New Jersey.

June 28, 1988.

Wilentz, Goldman & Spitzer by Frederic K. Becker, Roger B. Kaplan, Woodbridge, N.J., for plaintiffs.

Sills, Beck, Cummis, Zuckerman, Radin & Tischman by Thomas J. Demski, Newark, N.J., for defendant Southeast Bank, N.A.

Dickson, Creighton & Lowenstein, P.A. by Roger A. Lowenstein, Hoboken, N.J., for defendant Susan Howard–Zauber.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court is a motion to dismiss the action brought by defendant Susan Howard–Zauber. Specifically, Howard–Zauber seeks dismissal of the RICO claims based on the statute of limitations, dismissal of Count 19 based on the three-year ERISA statute of limitations and dismissal of the fraud count as a matter of law.

This court has previously addressed similar motions in this case, and the court's opinion on those motions, in large measure, is dispositive here. First, the motion to dismiss the RICO counts based on the statute of limitations is denied. The court has already held that the Clayton Act's tolling provisions, 15 U.S.C. § 16(i), are applicable to civil RICO actions where parallel criminal litigation is involved. *Pension Fund–Mid–Jersey Trucking Industry–Local 701, et al., v. Omni Funding, Inc., et al.,* December 16, 1987, (D.N.J.1987).

> This court previously held:
> Among the practicalities of RICO litigation is the fact that in most instances there will be parallel criminal and civil actions. The court, therefore, concludes that it is similarly appropriate to apply the Clayton Act's tolling provisions where parallel criminal litigation is involved.

*Id.,* slip op. at 20. I note at the outset that this presents a novel issue. Neither the

parties nor the court have discovered any cases which address it. Although the issue was raised in *United States v. Bonanno Crime Family of La Costa Nostra*, 683 F.Supp. 1411 (C.D.N.Y.1988), the court therein had no occasion to consider the merits. As noted, this court has previously held that the tolling provisions of the Clayton Act are applicable to this case. Because the parties have addressed the merits, I will examine the issue further.

There is a clear line of authority which requires that where a statute of limitations is borrowed, the tolling and suspension provisions which are part of that statute must likewise be applied. *West v. Conrail*, —— U.S. ——, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987); *Johnson v. Railway Express Agency*, 421 U.S. 454, 464, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484–85, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980). In *Johnson, supra*, the Court stated:

> Any period of limitation ... is fully understood only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitations period is interrelated with the provisions regarding tolling, revival, and questions of application.

421 U.S. at 463–64, 95 S.Ct. at 1722. In enacting the Clayton Act's four-year statute of limitations, Congress also amended the tolling provisions of the Clayton Act in several respects. The Senate Report to those modifications states:

> There are many instances where the statute of limitations as to a private cause of action may nearly have expired before suit is instituted by the Government under the antitrust laws. Although the statute is tolled during the pendency of those proceedings brought by the United States, the plaintiff in a treble-damage action may find himself hard pressed to reap the benefits of the Government's suit if, upon its conclusion, he has but a short time remaining to study the Government's case, estimate his own damages, assess the strength and validity of his suit, and prepare and file his complaint. To alleviate such difficulties, the present bill would extend the tolling period not only for the duration of the Government's antitrust suit, but for one year thereafter. This would guarantee all plaintiffs an adequate period in which to take advantage of Government antitrust proceedings.

2 U.S. Code Cong. and Admin. News, 84th Cong. 1955, at 2328, 2332. Courts have recognized that the Clayton Act's tolling provisions plainly reflect Congress's desire to make available to private litigants the benefits of prior Government antitrust litigation. *See Minnesota Mining & Mfg. Co. v. New Jersey Wood Finishing Co.*, 381 U.S. 311, 317, 85 S.Ct. 1473, 1476, 14 L.Ed.2d 405 (1965); *State of New Jersey v. Morton Salt Co.*, 387 F.2d 94 (3d Cir.1967); *Hardy Salt Co. v. State of Illinois*, 377 F.2d 768 (7th Cir.1967).

As noted, the Court in *Johnson, supra*, explained that a statute of limitations could be fully comprehended only in view of the circumstances of its suspension, inasmuch as the statute "inevitably reflects a value judgment" concerning valid and stale claims. *Id.* 421 U.S. at 463–64, 95 S.Ct. at 1721–22. Thus, it is clear under the Clayton Act that in cases involving parallel criminal and civil litigation, the tolling provisions are part and parcel of the four-year statute of limitations. This is, of course, a reflection of Congress's desire to aid private litigants to the extent they may glean benefits from the Government's prior action.

While the Supreme Court's holding in *Johnson, supra*, clearly requires application of the tolling privileges to this case, the legislative history of RICO further compels the conclusion that adoption of the tolling provisions is uniquely appropriate in this case. In *Agency Holding Corp. v. Malley–Duff & Assoc.*, —— U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), in which the Supreme Court applied the Clayton

limitation period, the Court pointed out that "even a cursory comparison of the two statutes reveals that the civil action provision of RICO was patterned after the Clayton Act." *Id.*, —— U.S. at ——, 107 S.Ct. at 2764, 97 L.Ed.2d at 130. Indeed, the Court stated:

> Together with the similarities in purpose and structure between RICO and the Clayton Act, the clear legislative intent to pattern RICO's civil enforcement provisions on the Clayton Act strongly counsels in favor of application of the four-year statute of limitations used for Clayton Act claims.

*Id.* —— U.S. at ——, 107 S.Ct. at 2765, 97 L.Ed. at 131. *See also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489, 105 S.Ct. 3275, 3281, 87 L.Ed. 346 (1984) ("the clearest current in that history is the reliance on the Clayton Act model, ...").

In sum, the Clayton Act's statute of limitations and tolling provisions are inextricably entwined. It is beyond dispute that the private enforcement provisions of RICO were patterned after the Clayton Act. More important, the provisions of each statute bear similarity in substance, as well as form:

> Both RICO and the Clayton Act are designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees. Both statutes bring to bear the pressure of 'private attorneys general' on a serious national problem for which public prosecutorial resources are deemed inadequate; ... moreover, both statutes aim to compensate the same type of injury; each requires that a plaintiff show injury 'in his business or property by reason of' a violation.

*Agency Holding Corp., supra,* —— U.S. at ——, 107 S.Ct. at 2764, 97 L.Ed. at 130. Thus, for the reasons stated above, in addition to this court's prior opinion, I conclude that the tolling provisions of the Clayton Act are applicable under RICO.

■ Likewise, the motion to dismiss the fraud claims contained in Counts 9 and 10 of the second amended complaint must also be denied. On prior motions, this court previously upheld the sufficiency of the charges in these counts including the alle-gations of reliance on the part of the Pension Fund. Howard–Zauber argues that Count 9 is defective as a matter of law because the plaintiffs allege that defendants Coar and Scotto, as trustees, relied on the allegedly fraudulent opinion letter. Thus, Howard–Zauber contends that the requirement of actual reliance on the misrepresentation is absent because both Coar and Scotto are alleged to be co-conspirators in the fraud along with Howard–Zauber and, therefore, could not possibly have relied on the opinion letters, inasmuch as they knew the letters were fraudulent.

The complaint does not allege reliance by Coar and Scotto, but rather, that the Pension Fund and its new trustees relied on the letters. Therefore, these counts are sufficient.

■ Howard–Zauber also moves to dismiss Count 19, which states, in part:

> ... defendants Omni, Joseph J. Higgins, Eileen Higgins, Robert J. Coar, Frank Scotto, David Friedland, Kenneth P. Zauber, Susan Howard–Zauber, Dimension Three Development Corp., and Nicholas Hoskins, as beneficiaries of the fraud, misappropriation and breaches of fiduciary duty by defendants, and having knowledge, or under circumstances where they should have had knowledge, that the funds received by them were pension funds transferred to them in violation of ERISA, hold the funds of the plaintiff received by them and are accountable to the plaintiff as constructive trustees.

Howard–Zauber contends that this claim is barred by the three-year statute of limitations of ERISA. 29 U.S.C. 1113(a)(2)(A).

The statute cited by Howard–Zauber governs suits alleging breach of fiduciary obligations under ERISA. Count 19 of the complaint, however, does not allege a breach of fiduciary obligation under ERISA on the part of the defendant. Rather, it seeks the imposition of a constructive trust against those named who are the beneficiaries of conduct amounting to fraud, misappropriation, breaches of common law and statutory fiduciary duties.

It has long been established that a constructive trust may "be impressed in any

case where to fail to do so will result in an unjust enrichment." *D'Ippolito, et al., v. Castoro, et al.,* 51 N.J. 584, 588, 242 A.2d 617 (1968). Therein, the court stated that "generally all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undue influence, ... which has resulted in a transfer of property." *Id.* at 589, 242 A.2d 617. Indeed, it may arise even though the property was not acquired wrongfully. *Id.* at 589, 242 A.2d 617.

Notwithstanding that a constructive trust can be imposed upon even a blameless defendant, the complaint has alleged that Howard–Zauber participated in both the fraud and misappropriation, which are common-law claims and which are governed under the six-year statute of limitations. Moreover, the complaint does not state a cause of action against Howard–Zauber for violation of ERISA fiduciary obligations. It merely alleges that she was the beneficiary of those violations committed by other defendants. Accordingly, Count 19 of the second amended complaint is not barred by the statute of limitations.

■ The Pension Fund has cross moved for sanctions as a result of this motion pursuant to FED.R.CIV.P. 11. The rule states, in part:

> ... the signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; and that to the best of the signer's knowledge, information and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law, ..."

Upon a violation of the rule, the court "shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney fee."

Measure of conduct under Rule 11 is reasonableness under the circumstances.

*Eavenson Auchmuty and Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir.1985). Under Rule 11, "the court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted." *Id.* at 540. The rule was intended to be used only in exceptional circumstances. *Teamsters' Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68 (3d Cir.1988).

The motion for sanctions is denied. I note that Howard–Zauber's previous submissions were not considered on the prior motions, because counsel was retained shortly prior to the oral argument on those motions.

Examining the defendant's motion, I cannot conclude that it is unreasonable. In particular, the severance motion, albeit withdrawn, offers no basis for a Rule 11 sanction. Second, although the court previously held the Clayton Act to apply here, the court recognizes that it has broken new ground and is reluctant to impose sanctions for what amounts to a *de facto* reconsideration motion. I conclude that this does not amount to an "exceptional circumstance" sufficient to warrant sanctions.

An order accompanies this opinion. No costs.